**No. 46423.**—Petition 6122–R of Universal Carloading & Distributing Co., Inc. (New York).

Opinion by OLIVER, P. J. It appeared from the record that the importer had had similar merchandise and entered it at invoice prices, which were accepted by the appraiser, and the merchandise was accordingly permitted free entry under section 1604 as agricultural implements. Therefore, upon arrival of the shipments under consideration the importer followed his previously accepted practice. The examiner refused to accept such values and after conference with importer's counsel it was finally decided to litigate the question. Both the single judge and the division affirmed the value found by the appraiser. The examiner stated at the trial that he found the importer to be very frank in supplying all information requested both in oral interviews and written communications. From an examination of the record and considering the facts the court was satisfied that the entry of the cream separators was made without any intention to defraud the revenue of the United States, to conceal or misrepresent the facts, or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.

**No. 46424.**—Petitions 6106–R, etc., of G. Fox & Co., Inc. (Bridgeport).

Opinion by OLIVER, P. J. The petitions were dismissed on motion of counsel for the respondent and agreement of counsel.

BEFORE THE FIRST DIVISION, OCTOBER 10, 1941

**No. 46425.**—Protests 2556–K, etc., of Butler Bros. et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 46426.**—Protests 968601–G, etc., of Leon F. Kaufman, Inc., et al. (New York).

Opinion by WALKER, J. In accordance with stipulation of counsel that certain of the items in question consist of dogskins, undressed, the same as those the subject of *Brachman* v. *United States* (5 Cust. Ct. 153, C. D. 389) the protests were sustained as to those items.